**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**KEVIN SUCHITE GARCIA,**

**Petitioner,**

**v.** **Case No. 2:26cv769**

**JEFFREY CRAWFORD,**

**Respondent.**[1]

## REPORT AND RECOMMENDATION

Pending before the Court is a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons explained below, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Kevin Suchite Garcia ("Petitioner") filed the instant Petition seeking release from ICE custody or a fair bond hearing before an Immigration Judge ("IJ"). ECF No. 1 at 4. Petitioner previously sought the same relief in a Petition for a Writ of Habeas Corpus submitted pursuant to 28 U.S.C. § 2241 on March 30, 2026. *Garcia v. Crawford*, No. 2:26-CV-316, ECF No. 1 at 8 (Mar. 30, 2026). The Court incorporates by reference the factual background set forth in its Memorandum Order resolving Petitioner's prior habeas petition and ordering that Petitioner

[1] The Petition names only Jeffrey Crawford, Warden of Farmville Detention Center, as a Respondent. *See* ECF No. 1 at 1. The Government's Opposition, however, refers to "Federal Respondents." *See* ECF No. 8 at 7. The Court clarifies that Crawford is the sole Respondent named in the Petition and reflected in the case caption.

receive a bond hearing. *See Garcia v. Crawford*, No. 2:26-CV-316, 2026 WL 1046769 (E.D. Va. Apr. 17, 2026).

On August 14, 2025, an IJ issued a decision granting Petitioner's application for cancellation of removal for certain nonpermanent residents under 8 U.S.C. § 1229b. *See* ECF No. 8 at 2. DHS appealed the IJ's decision to the BIA, and that appeal remains pending. *Id.*; *see* ECF No. 8, attach. 3. Since the issuance of the Court's Memorandum Order, Petitioner has received a bond hearing before an Immigration Judge ("IJ"). ECF No. 8, attach. 1. At that hearing held on April 23, 2026, the IJ determined that Petitioner presents a danger to the community and denied release pending his removal proceedings. *Id.* at 1.

Petitioner filed the instant Petition on July 17, 2026, alleging that the IJ's decision "improperly focused on past arrests while minimizing evidence showing that Petitioner is a responsible parent, worker, and community member." ECF No. 1 at 3. As grounds for relief, Petitioner argues that the bond hearing was not constitutionally adequate, that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that less restrictive alternatives to detention exist in light of the substantial hardship his continued detention imposes on his family. *Id.* at 3–4. Accordingly, Petitioner requests his immediate release or, in the alternative, a constitutionally adequate bond hearing that "[r]equire[s] consideration of Petitioner's family ties, employment history, rehabilitation, community support, children's medical and emotional needs, and alternatives to detention[.]" *Id.* at 4.

Petitioner filed a submission on August 6, 2026, attaching documents such as medical records of family members and letters from community members to support his ties to the area. ECF No. 5; ECF No. 5, attach 1.

Respondent filed his Opposition to the Petition on August 24, 2026. ECF No. 8. Respondent argues that the Petition should be denied because Petitioner already received the individualized bond hearing ordered by the Court, at which an IJ considered the evidence and determined that Petitioner poses a danger to the community. *Id.* at 1–4. They further contend that this Court lacks jurisdiction to review the IJ's bond determination under 8 U.S.C. § 1226(e), and that Petitioner's challenge to the outcome must instead be pursued before the BIA. *Id.* at 5. Finally, Respondent contends that, even if this Court were to find that it has jurisdiction, Petitioner received constitutionally adequate process under *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). *Id.* at 5–6. Petitioner has not filed a reply. Accordingly, this matter is ripe for recommended disposition.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2241, federal courts are authorized to issue a writ of habeas corpus to one who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The writ of habeas corpus has traditionally 'served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" *Luna Sanchez v. Bondi*, No. 1:25-cv-018888, 2025 WL 3191922, at *2 (E.D. Va. Nov. 14, 2025) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Habeas is "regularly invoked on behalf of noncitizens." *Id.* (quoting *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025)) (additional citations omitted). After considering the response to a habeas petition, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

Pursuant to 8 U.S.C. § 1226(a), an alien who has *already entered* the country may be detained or released on bond pending a removal decision. Detention under § 1226(a) is

discretionary; the Attorney General may continue to detain the alien or "may release the alien" on bond or conditional parole.[2] 8 U.S.C. § 1226(a)(1)–(2). Aliens detained under § 1226(a) "are entitled to a bond hearing before an [Immigration Judge] at any time before entry of a final removal order." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 652 (E.D. Va. 2025) (quoting *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025)).

Petitioner alleges that his prolonged detention while DHS's appeal is pending before the BIA violates his due process rights because detention is no longer justified. ECF No. 1 at 1, 3. As part of this argument, Petitioner challenges the adequacy of the bond hearing held on April 23, 2026, arguing that the IJ's determination of dangerousness "improperly focused on past arrests while minimizing evidence showing that Petitioner is a responsible parent, worker, and community member." *Id.* at 3. According to Petitioner, the IJ failed to consider humanitarian factors when determining whether his detention remains justified, such as whether his detention was in his children's best interests and whether less restrictive alternatives like supervision and electronic monitoring exist. *Id.* at 3–4. Respondent, in turn, argues that Petitioner has already received all the process he is due because he already received a bond hearing before an IJ, who determined that he posed a danger to the community and denied Petitioner's bond redetermination request. ECF No. 8 at 2–5. Accordingly, Respondent maintains that Petitioner is not entitled to another bond hearing or any additional habeas relief. *Id.*

Because Petitioner is detained pursuant to § 1226(a), he is entitled to the procedural protections afforded by that statute. Aliens detained under § 1226(a) "are entitled to a bond hearing before an [Immigration Judge] at any time before entry of a final removal order." *Hasan*, 800 F.

[2] Irrelevant to the instant Petition, certain aliens are not entitled to release under § 1226(a), including those who "fall into one of several enumerated categories involving criminal offenses and terrorist activities." *See Jennings*, 583 U.S. at 289 (citing § 1226(c)(1)).

Supp. 3d at 652 (quoting *Rodriguez*, 779 F. Supp. 3d at 1247). Here, Petitioner already received that process. On April 23, 2026, an IJ conducted a bond hearing where Petitioner was represented by counsel, considered the evidence presented by both parties, and denied Petitioner's request for release after finding that he posed a danger to the community. ECF No. 8, attach. 1 at 1; *see* ECF No. 8 at 1–2 (alleging that Petitioner was represented by an attorney at his bond hearing and had an opportunity to file evidence in support of his release). Although Petitioner reserved his right to appeal that determination, he has apparently not pursued an appeal to the BIA. ECF No. 8, attach. 1 at 2; ECF No. 8 at 2 ("There is no evidence, and Petitioner has not alleged that he appealed any adverse decision to the BIA concerning his bond denial, as he could have done under 8 C.F.R. § 1003.19(f)."). Accordingly, Petitioner has already received the process to which he is entitled under § 1226(a).

Petitioner's claims do not identify any procedural deficiency in that bond hearing. Instead, he appears to challenge the IJ's findings and ultimate decision, arguing that the evidence did not establish that he presently poses a danger to the community and that the IJ relied on outdated arrests rather than evidence of Petitioner's family and community ties, employment history, and alternatives to detention. *See* ECF No. 1 at 3–4. Those arguments challenge the correctness of the IJ's decision—not the adequacy of the procedures that were used to reach it—and therefore are barred from review by § 1226(e). *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). To the extent Petitioner believed the IJ erroneously denied bond, his remedy was to appeal the IJ's decision to the BIA by May 26, 2026, which he apparently failed to do. ECF No. 8, attach. 1 at 2 (noting any appeal due by May 26, 2026); ECF No. 8 at 2 ("There is no evidence, and Petitioner has not alleged that he appealed any adverse

decision to the BIA concerning his bond denial, as he could have done under 8 C.F.R. § 1003.19(f)."); *see Chavez de Vasquez v. Baker*, No. CV SAG-25-03657, 2025 WL 3713773, at *1 (D. Md. Dec. 23, 2025) ("Petitioner's claim, then, effectively challenges the quantum and nature of evidence placed before the IJ during her bond hearing, not the constitutionality of immigration court procedures. This Court agrees with Respondents that the review Petitioner seeks is particular to the decision in her case and is thus barred by 8 U.S.C. § 1226(e). Petitioner's recourse for what she believes to be an improper assessment of the merits of her entitlement to bond lies in her already pending appeal of the IJ's decision before the Board of Immigration Appeals.").

Finally, the Court cannot say, as a matter of law, that Petitioner's continued detention since August 13, 2024, is constitutionally unreasonable for an alien who has already received a bond hearing and whose removal proceedings remain pending.[3] Although Petitioner argues that his

---

[3] However, some courts have concluded that prolonged detention pending the completion of removal proceedings may, under certain circumstances, require an additional bond hearing to satisfy due process. *See Khan v. Byers*, 568 F. Supp. 3d 607, 612 (E.D. Va. 2021) ("Mr. Khan has been detained since October 23, 2018, . . . *more than three years*. This is a period *six times longer* than the presumptively reasonable six-month detention period set forth in *Zadvydas*. . . . Therefore, Mr. Khan is entitled to another bond hearing at which time the Immigration Judge may reevaluate whether Mr. Khan's continued detention is appropriate in light of his prolonged detention and his strong interest in bodily liberty." (citations omitted)); *Fadel v. Warden of Moshannon Valley Ice Processing Ctr.*, No. 3:26-CV-00625, 2026 WL 1649901, at *5 (W.D. Pa. June 8, 2026) ("The Court does not hold that every Section 1226(a) detainee who previously received a bond hearing is automatically entitled to a second hearing once detention reaches a particular length. Nor does the Court review the discretionary merits of the IJ's prior bond denial. Rather, under the specific circumstances presented here [where Petitioner received a bond hearing, that bond was denied because Petitioner failed to establish that he was not a danger to the community and not a flight risk, and Petitioner has now been detained for more than nine months], continued detention without any hearing at which the Government bears the burden of justifying detention violates the Due Process Clause.").

Without more specific, controlling guidance, this Court cannot establish a bright line for when detention after an initial bond hearing and during the pendency of removal proceedings becomes unconstitutional. *Cf. Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (holding that, past the ninety-day removal period established under § 1231(a)(2), an alien's detention following a final order of removal is presumptively reasonable for six months). Nonetheless, under principles of due process, at some point prolonged detention resulting from unreasonably delayed removal proceedings violates the Constitution and entitles a detainee to either another bond hearing or release.

continued detention violates his due process rights under *Zadvydas*, that framework does not apply here because Petitioner does not have a final order of removal and is therefore detained pursuant to § 1226(a). *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Although an IJ granted Petitioner cancellation of removal for non-permanent residents under § 1229b on August 14, 2025, DHS appealed that decision to the BIA on September 15, 2025, and that appeal remains pending. ECF No. 8, attach. 3 at 1; *see* ECF No. 8 at 2.

Even assuming Petitioner's detention has become prolonged, due process requires an individualized bond hearing—not judicial reconsideration of the IJ's discretionary bond determination. *See Miranda v. Garland*, 34 F.4th 338, 346 (4th Cir. 2022) ("[T]he detention procedures adopted for § 1226(a) bond hearings provide sufficient process to satisfy constitutional requirements."). Here, Petitioner received an individualized bond hearing at which the IJ considered evidence relevant to his continued detention, including the circumstances of his prior arrests, his family ties, employment history, and community support. *See* ECF No. 8 at 1–2; ECF No. 1, attach. 1 (providing documents that were presented before the Immigration Court). Petitioner's contention that the IJ "improperly focused on past arrests while minimizing evidence showing that Petitioner is a responsible parent, worker, and community member" does not challenge the process afforded at the hearing but rather the IJ's weighing of the evidence presented. *See* ECF No. 1 at 3. Petitioner therefore asks this Court to reweigh the same factors considered by the IJ and reach a different determination regarding whether he should be released. That is not the function of habeas review under § 1226(e). Because Petitioner has already received the individual bond hearing required, he has received all the process that is constitutionally due and is not entitled to additional relief merely because he disagrees with the IJ's discretionary

determination. Moreover, because the § 1226(e) forecloses this Court's review of the IJ's bond determination, the Court need not reach Respondent's alternative argument concerning whether Petitioner received constitutionally adequate process under *Miranda*.

Accordingly, because Petitioner is subject to detention under § 1226(a) and has already received the bond hearing due to him under that statutory framework, Petitioner has failed to establish that he is entitled to any further habeas relief.

## III. RECOMMENDATION

For the reasons explained above, the Court **RECOMMENDS** that the Petition, ECF No. 1, be **DENIED.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985);

*Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel of record for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 30, 2026